(118 So. 332)

### ALABAMA GREAT SOUTHERN R. CO. v. OWENS. (7 Div. 811.)

Supreme Court of Alabama. Oct. 11, 1928.

Goodhue & Lusk, of Gadsden, for appellant.

A. E. Hawkins, of Ft. Payne, for appellee.
Brief did not reach the Reporter.

SAYRE, J. Appellee's bill was filed under the statute, section 9905 of the Code, to settle the title to a parcel of land described in the bill as follows:

"Lot No. 13 in block No. 80 in the town of Ft. Payne, Ala., and more particularly described as follows: Bounded on the north by Ford St., on the east by A. G. S. Railroad. and on the south and west by hotel property of Mrs. Nancy May."

From the decree, this appeal is taken.

All the evidence in the cause points to the fact that the description of the lot in controversy as No. 13 in block No. 80 in the town of Ft. Payne refers to a map of record in the office of the judge of probate of De Kalb county; the same being the only map of Ft. Payne of record in that office. The map was in evidence. We reproduce the lines of lot 13 and the immediately circumjacent property as shown by the map.

| | 80 | | |
|---|---|---|---|
| 10 | 9 | F O R D | 5 |
| 11 | 12 | | 6 |
| 14 | 13 | S T. | 7 |

A. G. S. R. R.

The dimensions of lot 13 are not specifically designated by figures on the map; but at nine different places on the map the scale to which it is drawn is indicated by lot dimensions as being one inch to 100 feet. That scale would make lot 13 in block 80 to be 100 by 38 or 40 feet, and would place the eastern boundary of complainant's lot 50 feet from the center

of the railroad track indicated on the map as it was placed on record in the year 1888. In the meantime, 10 or 12 years ago, the railroad has been double-tracked; the second track being laid between the original track and complainant's lot No. 13. It is entirely clear upon the record that complainant now claims that his lot extends on the east to within 18 inches of the nearest track, thus making his lot 20 to 25 feet wider than lot No. 13. Defendant, on the other hand, claims that it owns the strip of land west of its original track, viz. its original right of way, which extended 50 feet to the west of the center of its original track. We are clear to the conclusion that defendant has the right of the indicated controversy.

Complainant's predecessors in the chain of title under which he claims took by conveyances—we speak of the time subsequent to the map—describing his property simply as lot 13 in block 80 of the map of Ft. Payne. Two of them describe the property as bounded on the east by defendant's right of way. The map in evidence, when read according to the scale to which it was drawn, shows the eastern line of lot 13 and the western line of defendant's right of way to be coterminous, and makes it clear enough that complainant has no title to the strip of land which by his evidence he claims to own.

But complainant's deed describes his lot "more particularly" as "bounded * * * on the east by A. G. S. Railroad." Complainant evidently construes this description as meaning the nearest track of the railroad, while defendant construes the same description as meaning the right of way of the defendant railroad company. We construe the two descriptions as meaning the same thing, viz. that complainant's lot is bounded on the east by the western boundary line of defendant's right of way which western boundary was and is 50 feet west of the center of defendant's original line of track. The evidence, including much of that introduced by complainant, induces this conclusion which we think cannot. in reason be seriously doubted.

Complainant offered in evidence some sporadic acts of ownership on the part of himself and his predecessors in title. But these acts of ownership, of adverse possession, were widely scattered, and not long persisted in, so that they wholly fail to show an adverse title with that degree of certainty required by law for the establishment of ownership in adverse possession. Indeed, we are not informed that appellee asserts a title of that sort.

The substance of the decree is "that the complainant owns all the title, both legal and equitable, in and to the land described in the bill of complaint." In view of the peculiar nature of the controversy between the parties, our judgment is that the decree should have described the land as follows:

"Lot No. 13 in block No. 80 in the town of Ft. Payne, Ala., and more particularly described as follows: Bounded on the north by Ford St., on the east by A. G. S. Railroad right of way, and on the south and west by hotel property of Mrs. Nancy May."

The decree is corrected, and, as corrected, is affirmed. Let the costs of the appeal be taxed against appellee.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.