**20**

151 So.2d 744

**C. E. LUCAS**

v.

**Donald KIRK.**

**I Div. 2.**

Supreme Court of Alabama.

Feb. 28, 1963.

Rehearing Denied April 11, 1963.

M. A. Marsal, Mobile, for appellant.

D. R. Coley, Jr., Mobile, for appellee.

SIMPSON, Justice

Appeal from a judgment on a jury's verdict in an action in the nature of ejectment in favor of appellee (plaintiff) allowing a recovery of certain real property located in Mobile County, Alabama. The parties, be-

ing adjacent land owners, are disputing over a boundary line between their properties. The parcel of land involved is approximately 44 feet by 1,300 feet, bordering on United States Highway 43.

Appellant acquired title to the property by warranty deed in 1946, and went into possession at that time. Appellee contends that even though appellant obtained title to the property that his right of possession and title was based on adverse possession and prescription.

We need not detail the evidence. On a studious review of the authorities we have concluded that error prevailed in the giving to the jury a certain written charge requested by the plaintiff (appellee), thereby necessitating a reversal.

Following is the charge:

"6. The Court charges the Jury that if, from the evidence in this case, you are reasonably satisfied that the Plaintiff or his predecessors in title erected a fence along the North line of the property described in the complaint and remained in possession thereof openly and notoriously and claiming to own the same to said line for more than ten years, then said line became the true line, dividing the property from that property lying to the North thereof, whether said line be the true line according to the Government Survey or not."

Appellant contends, and rightly so, that the charge omits two elements necessary to establish title by adverse possession, viz.: that of "continuous" or "consecutive" possession for a period of ten years or more, and that of "exclusive" or "exclusively" for the statutory period, and that this results in prejudicial error.

The law applicable to the case at bar was set forth in McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160. It is not necessary to explore all ramifications of the law of adverse possession where a boundary line dispute is involved. The following suffices to show the necessary elements to establish title to a boundary line by adverse possession where there has been no agreement setting a boundary. Quoting from the opinion:

" 'If a coterminous landowner holds actual possession of the disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken.' " (Citing cases.)

In Hays v. Lemoine, 156 Ala. 465, 47 So. 97, it was held that a charge which did not hypothesize the element of "consecutive" in adverse possession was properly refused. Then in Snow v. Bray, 198 Ala. 398, 73 So. 542, the necessity of hypothesizing the element of "continuity" was rationalized by Justice Sayre:

"Continuity is as essential as any other element of adverse possession. Indeed, 'the continuity of the adverse possession is the very essence of the doctrine and policy of the statutes of limitation,' for 'whenever a party quits the possession the seisin of the true owner is restored, and a subsequent wrongful entry constitutes a new disseisin.' Henry v. Brown, 143 Ala. 446, 39 South. 325."

The Court continued: that a temporary absence of actual possession may not necessarily destroy continuity; but generally it is a question for the jury.

The cases are clear that sporadic acts of ownership are insufficient to show adverse possession (Alabama Great Southern R. Co. v. Owens, 218 Ala. 180, 118 So. 332; Turnipseed v. Moseley, 248 Ala. 340, 27 So.2d 483, 170 A.L.R. 882) but possession must be continuous.—Spradling v. May, 259 Ala. 10, 65 So.2d 494. For aught that appears in

Charge 6, the jury could have based their verdict for appellee on sporadic acts of ownership, assuming such existed, over a period of ten years. Clearly, this is not the law and the charge should not have been given.

■■ The element of "exclusiveness" of possession was also omitted from the charge. In this there was also error. The language of the Court in Bowles v. Lowery, 181 Ala. 603, 613, 62 So. 107, 110, is here apposite:

"Charge 1 was erroneously given at plaintiff's instance. When referred to the evidence, as must be done, it was manifestly calculated to mislead the jury. It omitted to hypothesize that the possession was exclusive. The fact that actual possession was hypothesized did not so minimize the misleading character of the charge as to avoid affirmative error and put the defendant to an explanatory instruction. Actual possession, continuous and under claim of right or claim of ownership, for 25 years or 30 years is still not adverse possession unless it is exclusive."

So the jury could have inferred from the charge given them, that both parties could be in possession of the land at one and the same time, and when one had been in possession for ten years, the title to the tract would be perfected. This is, of course, erroneous. It is a misstatement of the law. Such a charge must of necessity be reversible error, even when construed in the light of other charges given at the plaintiff's request and the oral charge by the court to the jury.

In Mobile City Lines, Inc. v. Holman, (Ala.1962), 273 Ala. 371, 141 So.2d 180, where the charge given for the plaintiff omitted that the alleged negligence must be the proximate cause of the injury, it was held to be reversible error, even though a subsequent oral charge by the court correctly exposited the applicable rule. Quoting from that opinion:

"If this principle needs any rationalizing, its obvious purpose must be to keep from the jury prejudicially erroneous instructions which they take into the jury room to consider in connection with the case * * *."

In the Holman case, as here, an essential element of the cause of action or defense was not hypothesized in the charge to the jury. Here, also, the charge was not merely incomplete, but it was an incorrect statement of the law

The Court in Bell v. Williams, 256 Ala. 298, 54 So.2d 582, stated the rule to the effect that when two persons are in possession of land, neither can claim against the other by adverse possession, since it is necessary that the possession be exclusive as well as hostile and continuous.

■ Exclusiveness is generally shown by acts which comport with ownership and would ordinarily be done by the owner for his own use and to the exclusion of others. —See Shepherd v. Scott's Chapel, 216 Ala. 193, 112 So. 905; Kidd v. Browne, 200 Ala. 299, 76 So. 65. Following Charge 6, the jury could have neglected to consider any acts of ownership which would tend to show exclusiveness of possession.

■■ There was also a failure in the charge to fix termination of adverse possession at or prior to the commencement of the suit. It is settled law in our jurisdiction that the statute of limitations is tolled by the filing of suit. It was held that such an omission would be error where prejudicial in Gay v. Fleming, 182 Ala. 511, 62 So. 523, 525.

The Court is always reluctant to reverse the solemn judgments of trial courts, but of necessity we are bound by sound precedents. We consider it unnecessary to consider the other assignments of error.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.