326 So.2d 105

**MOBILE COUNTY GAS DISTRICT,**
a corporation

**v.**

**The NATIONAL CASH REGISTER COM-
PANY, a corporation.**

**SC 980.**

Supreme Court of Alabama.

Jan. 15, 1976.

John M. Tyson, William H. Card, Jr. and Howell, Johnston, Langford, Finkbohner & Lawler, Mobile, for appellant.

M. A. Marsal and Emmett R. Cox, Mobile, for appellee.

EMBRY, Justice.

Appeal from a judgment entered on a jury verdict in favor of plaintiff/appellee, The National Cash Register Company (NCR). Defendant/appellant is Mobile County Gas District, a corporation (Mobile). We reverse and remand.

NCR's complaint claimed in count one $15,626.75 for breach of contract for failure to pay the balance due on a contract allegedly fully performed by NCR. Count two claimed the same amount due by itemized verified account.

Mobile's defenses were contained in five separate pleas. Pleas one and two were the general issue. Plea three alleged payment. Plea four was to the effect that Mobile was induced to enter the contract by fraudulent misrepresentations made by NCR. Plea five was in recoupment claiming $30,000 for fraud and special damages (other equipment and forms specially purchased for use with NCR's machine).

The issues raised on this appeal are: (1) Was this case tried under Alabama Rules of Civil Procedure or under prior prevailing procedures? (2) Did the trial court err in giving certain written charges requested by NCR? (3) Did the trial court err by admitting in evidence a ma-

chine print-out and allowing explanatory testimony about it? (4) Did the trial court err in overruling Mobile's motion for a new trial?

Since we find the procedures which obtained before adoption of ARCP apply in this case and a given written jury instruction was improper and requires reversal, we pretermit discussion of the other issues.

Mobile entered into a contract with NCR for the purchase and installation of an automated billing machine which would also process Mobile's accounts payable and payroll account. NCR installed the basic machine. There was contradictory testimony about whether the accessory equipment necessary to do accounts payable and payrolls was installed. The facts further show that Mobile wanted a machine which could handle approximately 10,000 billings a month. It is Mobile's claim that they entered into the contract because NCR's agents represented the machine had this capability. The testimony about what representations were in fact made, is contradictory. There is evidence that the machine did not have the capability Mobile needed.

Issue (1): Which Rules of Procedure were employed in the trial of the case?

The trial date was 26 October 1973. However, before the jury retired this colloquy took place:

"THE COURT: All right, sir. Now, both parties to the case has (sic) a right to ask the Court to give to you written requested charges of the law. Now, this (sic) are to be taken by you and considered by you as correct propositions of the law. You will be able to take them into the Jury Room with you, we are proceeding under the old rules, you understand?

"MR. MARSAL: Yes, sir.

"MR. TYSON: Yes, sir."

Mobile argues that these words indicate the entire case was tried under the old rules. NCR argues that the trial court's comment was merely intended to allow the jury to take the written instructions to the jury room. NCR points out that the trial date is after the effective date of ARCP and the trial court did not comply with ARCP 86 which requires a finding that application of ARCP would not be feasible or would work injustice. See *Parker v. McGaha,* Ala., 321 So.2d 182 (1975).

A decision on this issue is a threshold question since the giving of written jury charges is claimed as error. If the trial was conducted under formerly applicable procedures then each charge is treated as a separate entity apart from the court's oral charge. If trial proceeded under ARCP then the written jury charges complained of must be considered in light of the court's entire charge. *Alabama Power Co. v. Tatum,* 293 Ala. 500, 306 So. 2d 251 (1975).

As shown in the colloquy set out supra, the lawyers for both parties agreed that the jury in this case could take the written charges into the jury room. This practice was permissible only under our former civil procedure. Because the parties agreed that the old procedure in this regard would apply, we hold they are estopped to urge error from the failure of the trial court to comply with ARCP 86. By the parties own acts, the old procedure controls. For the same reason NCR is estopped to complain of the failure of Mobile to object to the charges prior to the jury retiring.

Issue (2) The Written Jury Charges

The trial court gave, in addition to others, the following written charge:

"Plaintiff's Charge No. *18*

"The Court charges the jury that all implied warranties in a contract are excluded by language which in common understanding calls the buyer's attention to the exclusion of warranties."

 Such a charge is erroneous for it was given without instructing the jury on its relation to the issue being litigated. *Bateh v. Brown,* 293 Ala. 704, 310 So.2d 186 (1975). Error resulting from the giving of a misleading charge is harmless where mere explanation would correct the misleading effect of it. *Swindall v. Speigner,* 283 Ala. 84, 214 So.2d 436. In such an instance failure of the complaining party to request explanatory charges would be fatal. *Alabama Power Co. v. Smith,* 273 Ala. 509, 142 So.2d 228. However, if the defective charge is not capable of cure by explanations, failure to request explanatory charges can in no way prevent appellant from complaining of reversible error from the giving of the offending charge. *Russell v. Thomas,* 278 Ala. 400, 178 So.2d 556. Plaintiff's Charge No. *18* in this case was not curable by explanation. It is a misstatement of law. It is an absolute requirement that, in a contract for the sale of goods, the language excluding implied warranties must be so conspicuous as to be clearly brought to the attention of the buyer, Code of Ala., Tit. 7A, § 2–316; *Tiger Motor Co. v. McMurtry,* 284 Ala. 283, 224 So.2d 638. Since No. 18 is clearly erroneous as a misstatement of the law, not curable, the judgment below must be reversed. *Lucas v. Kirk,* 275 Ala. 20, 151 So.2d 744.

 It is true generally that an erroneous charge given in writing, although not neutralized by a correct charge, should be interpreted in the light of the "incidents" of the trial, including the court's oral charge, to determine if the written charge as given was prejudicial. *Western Union Telegraph Co. v. Gorman,* 237 Ala. 146, 185 So. 743. The "incidents" of the trial of this case including other given written charges and the oral charge of the trial court fail to mitigate the error of Plaintiff's Charge No. *18.* Rather they substantially augment the confusion under which the jury undoubtedly labored.

 As in *Parker,* supra, we see no reason why this case cannot be tried under ARCP upon remand unless the trial court specifically finds that application of ARCP would not be feasible or would work an injustice. The reasons for such finding must be set forth in the record. *Parker,* supra.

Reversed and remanded.

BLOODWORTH, FAULKNER and ALMON, JJ., concur.

HEFLIN, C. J., concurs in result.