551 So.2d 926 (1989)
Jimmy MONEY, d/b/a Money Pulpwood Company
v.
WILLINGS DETROIT DIESEL, INC., and Precision American Corporation.
86-950.
Supreme Court of Alabama.
June 16, 1989.
Rehearing Denied September 1, 1989.
Kearney Dee Hutsler III and Charles A. Dauphin of Baxley, Dillard & Dauphin, Birmingham, for appellant.
E. Martin Bloom of Starnes & Atchison, Birmingham, for appellee Willings Detroit Diesel, Inc.
Thad G. Long and Michael J. Brandt of Bradley, Arant, Rose & White, Birmingham, for appellee Precision American Corp.
ADAMS, Justice.
This is an appeal from a summary judgment in favor of Willings Detroit Diesel, Inc., and American Precision Corporation in an action brought by Jimmy Money, doing business as Money Pulpwood Company, for fraud, breach of warranty of fitness for a particular purpose, breach of warranty of merchantability, and negligence in instructing on maintenance.
In November 1983, Money Pulpwood negotiated with Precision to purchase a 58-inch Precision tree harvester. However, *927 pursuant to Money Pulpwood's request, a Detroit diesel engine was installed instead of a Cummins diesel engine. The Detroit diesel engine was purchased from Willings Detroit Diesel and installed by Precision, which expressly warranted that the tree harvester would be free of material or workmanship defects for 90 days. The contract further stated:
"This warranty is exclusive and is in lieu of any warranty of merchantability, fitness for a particular purpose or other warranty of quality whether express or implied, except of title. Correction of non-conformities in the manner and for the period of time provided above, shall constitute fulfillment of all liabilities of the Seller to the Purchaser with respect to, or arising out of the goods, whether based on contract, negligence, strict tort or otherwise."
The machine was delivered in January 1984.
In April 1984, the chain coupling between the engine and the hydraulic pump failed. The cost of its repair was approximately $700.00. In his deposition, Mr. Money stated that, following this breakdown, he questioned Mr. Whittington, an employee of Precision, regarding the maintenance of the coupling and specifically regarding the lubrication of the coupling and how that lubrication should be accomplished, inasmuch as there were no openings in the casing. Mr. Money claims that Whittington responded by saying that he did not know and that Mr. Money should just run the machine without lubricating it. Subsequently, in June 1984, the driveshaft coupling burned out from lack of lubrication. This damage, in turn, ultimately resulted in a broken crankshaft. The total cost to repair the damage was approximately $13,000.00. Both Precision and Willings Detroit Diesel refused to pay for the repairs.
Money argues that the trial court erred in granting summary judgment for Precision and Willings Detroit Diesel on his fraud claim because, he says, the "defendants represented that the harvester would be in good and merchantable condition and be suitable for the job for which plaintiff needed it." Money argues that Precision and Willings Detroit Diesel fraudulently misrepresented to him that "this machine would handle the application [he] described." Obviously, this alleged statement was made with regard to the future performance of the tree harvester. We have said:
"Regardless of whether a representation is made willfully, recklessly, or mistakenly, actionable fraud is proven by showing (1) a false representation, (2) concerning a material existing fact, (3) upon which the plaintiff relied, and (4) as a proximate result was damaged. Code 1975, § 6-5-101; General Sales Co. v. Miller, 454 So.2d 532 (Ala.1984); Burroughs Corp v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala.1982). However, in order for a statement regarding a future event to constitute fraud, there must be circumstances present tending to show an actual intent to deceive at the time the representation is made. Ringer v. First National Bank of Stevenson, 291 Ala. 364, 281 So.2d 261 (1973); Shepherd v. Kendrick, 236 Ala. 289, 181 So. 782 (1938)."
George v. Federal Land Bank of Jackson, 501 So.2d 432, 435 (Ala.1986). Nowhere in the record is there any evidence indicating that Precision and/or Willings Detroit Diesel intended to deceive Money. Therefore, the trial court was correct in entering the summary judgment as to the fraud claim.
Money also contends that the trial court erred in entering the summary judgment as to his claims for breach of implied warranty of fitness for a particular purpose and breach of an implied warranty of merchantability. However, the contract signed by Money offered an express 90-day warranty. That express warranty specifically disclaims the implied warranties of fitness for a particular purpose and merchantability and does so in a conspicuous way:
"THIS WARRANTY IS EXCLUSIVE AND IN LIEU OF ANY WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR OTHER WARRANTY OF QUALITY *928 WHETHER EXPRESS OR IMPLIED, EXCEPT OF TITLE. Correction of non-conformities in the manner and for the period of time provided above, shall constitute fulfillment of all liabilities of the Seller to the Purchaser with respect to, or arising out of the goods, whether based on contract, negligence, strict tort or otherwise."
Such exclusions of warranties, if done conspicuously, are allowed in Alabama. See § 7-2-316, Code of Alabama (1975), and Mobile County Gas Dist. v. National Cash Register Co., 295 Ala. 188, 326 So.2d 105 (1976).
In the present case, Money did not bring his action for breach of contract based on the express warranty provided by American Precision. Instead, he attempted to rely on the implied warranties that had been effectively disclaimed. Willings Detroit Diesel likewise provided an express warranty on the diesel engine that conspicuously excluded the implied warranties, as follows:
"This warranty is expressly in lieu of other warranties, express or implied, including any implied warranty of merchantability or fitness for a particular purpose...."
Therefore, Willings Detroit Diesel effectively excluded these implied warranties. The trial court was correct in entering the summary judgment as to these claims.
With regard to Count IV, as to which Money argues that the trial judge erred in entering the summary judgment on his claim of negligence in manufacturing, we disagree. See our discussion and resolution of this issue in Lloyd Wood Coal Co. v. Clark, 543 So.2d 671 (Ala.1989), which cites the United States Supreme Court case of East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986).
We point out that Lloyd Wood, supra, in no way disturbs the longstanding rule in Alabama of election of remedies. This is because one is entitled to elect his remedy only if presented with a fact situation that makes that particular remedy available. Here, no such fact situation exists.
The complaint was amended on April 15, 1986, to include Money's final count, which was solely against Precision. It alleged that Precision had been negligent in instructing Mr. Money regarding the use and maintenance of the machine. Precision contends that Count V does not relate back to the original complaint because, it argues, that count sets forth a new theory of liability rather than merely refining or restating a theory set out in the original complaint. Therefore, Precision argues, Count V is barred by the statute of limitations. We disagree.
At the outset we note that
"[u]nder Rule 15, Alabama Rules of Civil Procedure, amendments are to be freely allowed when justice requires. Thurman v. Thurman, 454 So. 2d 995 (Ala. Civ.App.1984). However, this is not `carte blanche' authority to amend a complaint at any time. Ex parte Tidmore, 418 So. 2d 866 (Ala.1982). If this rule is to be of any benefit to the bench, the bar, and the public, the trial judges must be given discretion to allow or refuse amendments. Stallings v. Angelica Uniform Co., 388 So. 2d 942 (Ala.1980)."
Taylor v. Dothan City Bd. of Educ., 513 So.2d 623, 624 (Ala.Civ.App.1987).
In the case at bar, the trial judge allowed the amendment, and we are of the opinion that he did not abuse his discretion in doing so. However, we find error in the entering of summary judgment as to Count V. In contending that Count V was barred by the statute of limitations, Precision argued that a new theory of liability was being espoused and, therefore, that the amendment did not relate back to the filing of the original complaint. We find, however, that the amendment does relate back to the filing of the original complaint and, therefore, is not barred by the statute of limitations.
In a previous case, we have written:
"Rule 15 of the Alabama Rules of Civil Procedure provides, in part:
"`(c) Relation Back of Amendments. Whenever the claim or defense asserted *929 in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading....'
"... Where, as here, the proffered amendment would
"`merely change the legal theory of a case or add an additional theory, but the new or additional theory is based upon the same set of facts and those facts have been brought to the attention of the other party by a previous pleading, no prejudice is worked upon the other party.' Bracy v. Sippial Electric Co., Inc., 379 So.2d 582, 583 (Ala.1980). See, also, United States v. Johnson, 288 F.2d 40 (5th Cir.1961)."
Whitfield v. Murphy, 475 So.2d 480, 482-83 (Ala.1985). Because Count V falls within the situation above, the trial court erred in entering the summary judgment as to that count.
Therefore, the summary judgment is affirmed as to Counts IIV, but is reversed as to Count V, and the cause is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.
JONES and KENNEDY, JJ., concur in part and dissent in part.
JONES, Justice (concurring in part and dissenting in part).
I concur in the judgment reversing the summary judgment with respect to Count V. I dissent from the judgment affirming the summary judgment with respect to negligent manufacture (the defective product claim) and with respect to the fraud claim. As to the defective product claim, see my dissent in Lloyd Wood Coal Co. v. Clark, 543 So.2d 671 (Ala.1989).
As to the fraud claim against Precision, one could hardly envision a more extreme set of circumstances in which a misrepresentation of material fact was made with reckless disregard of the consequences. The plaintiff expressed to Precision's employee his concern that the coupling was incapable of being oiled, and inquired specifically what, if anything, could be done to avoid the self-destruction of the machine. In response to this inquiry, the defendant assured the plaintiff that his concern was misplaced and that the coupling was properly made so as not to require oiling. It was, in fact, the lack of lubrication that caused the machine to self-destruct.
The language from George v. Federal Land Bank of Jackson, 501 So.2d 432 (Ala. 1986), relied upon by the majority, is a perfectly good statement of the law in the factual context of that case; however, in the context of this case, the language of Winn-Dixie Montgomery, Inc. v. Henderson, 395 So.2d 475, 476 (Ala.1981) "when representations are made recklessly and heedlessly without any regard to their consequences, they will supply the necessary intent to support a fraud action" should be applied to test the fraud claim here under review. When so tested, the plaintiff's fraud claim, in my opinion, clearly withstands Precision's motion for summary judgment. The event here represented, and relied upon by the plaintiff, is not a future event, but a present condition. The only future event is the resultant damagethe self-destruction of the machine. See, also, International Resorts, Inc. v. Lambert, 350 So.2d 391 (Ala.1977).
KENNEDY, J., concurs.