ADAMS, Justice.
This is the second time this case has come before us on appeal. For a review of the facts and issues presented in the previous appeal, see Money v. Willings Detroit Diesel, Inc., 551 So.2d 926 (Ala.1989). Jimmy Money purchased a tree harvester from Precision American Corporation (“Precision”) and specified that he wanted an engine built by Willings Detroit Diesel, Inc. (“Willings”), installed in it instead of a Cummins engine. After the harvester was delivered, it had one minor breakdown and subsequently suffered a broken crankshaft due to lack of lubrication of the coupling between the engine and the hydraulic pump. Following these initial problems with the harvester, Money questioned personnel at Precision regarding the lubrication of the coupling, because there were no openings provided to accomplish that task; however, he contends that he was told that they did not know how to lubricate the coupling and that he was advised to continue to run the engine without lubricating it. Thereafter, another breakdown occurred and Precision and Willings refused to cover the costs of repair because they determined that the cause of the problem was “lack of maintenance.” Money sued Precision and Willings, alleging fraud, breach of warranty of merchantability, and breach of warranty of fitness for a particular purpose; Money amended his complaint, adding a claim that Precision had negligently instructed him regarding maintenance. The trial court entered a summary judgment for the defendants on all claims. We reversed the summary judgment with regard to the plaintiff’s negligence claim, holding that the amendment to the complaint related back to the time of the filing of the original complaint, and, therefore, was not, as the trial court had held, barred by the statute of limitations. We affirmed the summary judgment as to the other counts. See, Money v. Willings Detroit Diesel, Inc., supra. Thereafter, the trial court granted another summary judgment with regard to the negligence claim.
Initially, we note that a summary judgment in favor of the appellees with regard to the negligence count should have been denied on the basis of res judicata. This Court has already considered whether summary judgment was proper as to that count and rejected the arguments of the defendants, which were made in the initial appeal of this case. In addition to this factor, however, although we did not so state in the initial opinion, we note that the negligence claim in this case differs from the negligent-supervision-of-installation-of-turbines claim that was rejected by the United States Supreme Court in East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). In East River, the negligence allegedly occurred during the manufacture *243 of the turbines, and, therefore, the making of the negligence claim was considered to be a “back door” approach to a defective product claim. East River, supra, at 868. In the present case, the alleged negligence in informing as to maintenance of the tree harvester did not occur in connection with the manufacture of the product itself, but occurred after the product had been manufactured. That fact, in our opinion, makes this case similar to our case of Dairyland Ins. Co. v. General Motors Corp., 549 So.2d 44 (Ala.1989), wherein we allowed a count alleging negligent repair to go to the jury. See, Dairyland Ins. Co., supra, at 46-47.
For the foregoing reasons, this judgment is hereby reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, STEAGALL, KENNEDY and INGRAM, JJ., concur.