The plaintiffs, June Moore, Kathleen McCormick, and Travis Balenger, appeal from a summary judgment granted in favor of the defendant members of the Cleburne County Commission (commission). We affirm.
Section 38-2-7, Ala. Code 1975, creates in each county a board of pensions and security. The board consists of seven persons selected by the county commission for a term of six years, with unexpired terms to be filled by the county commission. The members of the board serve without compensation, but are reimbursed for travel and other expenses associated with attendance at meetings. The statute also provides in part:
 "No person holding an elective public office, no person who is a candidate for election to public office, no person who is *Page 1037 
an employee of the county department of pensions and security, and no person who is related by blood or by marriage to any such officer or employee shall be a member of such county board of welfare."
The principal duty of the board is to appoint a director of the county department of pensions and security. A secondary duty of the board is to meet from time to time with the director and to advise him concerning matters which might make a more effective public welfare program.
Plaintiff June Moore was appointed to the Cleburne County Board of Pensions and Security (board) on October 1, 1975; plaintiffs Kathleen McCormick and Travis Balenger were appointed to the board on October 1, 1977. In 1978, a relative of Moore was elected tax collector for Cleburne County, and in 1979, a relative of McCormick was elected to the Cleburne County Board of Education. Defendants Rufus Morrow and John Kaylor were elected to the Cleburne County Commission and entered upon the discharge of the duties of their office in January, 1981. When the newly-constituted commission, composed of Morrow, Kaylor, Jerre P. Watson, and Gordon Daniel, took office in January, 1981, it came to the attention of the defendants that Moore and McCormick were disqualified from serving as members of the board because of their relationship to the elected public officials. Since Moore and McCormick were, and had been, serving in violation of state law, the commission voted on January 21, 1981, to remove Moore from the board and voted on February 5, 1981, to remove McCormick from the board. The commission also voted on January 21, 1981, to remove Balenger from the board, either because his employment as a state employee disqualified him or because of his personal conduct, or because of some combination of the two.
Plaintiffs originally filed suit against the defendants in United States District Court for the Northern District of Alabama, seeking both damages and declaratory and injunctive relief. Their complaint alleged that the commission's actions had deprived the plaintiffs of property interests without due process of law, in violation of their rights under the Fourteenth Amendment. The district court dismissed plaintiffs' suit ex mero motu, finding that the various state policy questions involved required the federal court to abstain from exercising any further jurisdiction.
Subsequently, plaintiffs filed a similar claim in the Circuit Court of Cleburne County, seeking only monetary damages. Defendants filed a motion to dismiss, and the parties submitted depositions taken in the federal suit for the trial court's consideration. The trial court treated defendants' motion as one for summary judgment* and granted the summary judgment, finding no property rights existed in membership on the Cleburne County Board of Pensions and Security. Plaintiffs appeal, and we affirm.
Plaintiffs argue that appointment to the board, with its attendant fixed term of service, creates a property right in the form of an implied contract. Plaintiffs contend, therefore, that, as public office holders, the Alabama Constitution will permit their removal only by impeachment for just cause. Ala. Const., Art. VII, §§ 173-175. We disagree. "A public office which the legislature creates is not the property of the office holder within the constitutional provision against depriving a man of property, nor does it ever become a vested right as against the right of the state to remove him." Simpson v. VanRyzin, 289 Ala. 22, 265 So.2d 569 (1972); Heck v. Hall,238 Ala. 274, 190 So. 280 (1939).
In order to determine the existence or nonexistence of the property right plaintiffs assert, we must first examine what *Page 1038 
was involved in membership on the board. The duties of the board as set out in § 38-2-7 require the board to meet from time to time with the county director, and otherwise are largely advisory in nature. The only significant function of the board is to appoint the county director of pensions and security, and this appointment is limited by the provisions of the state merit system. Balenger, in his deposition, testified that the board would meet approximately once per quarter for "maybe an hour, a couple of hours." He also stated that he had never drawn any mileage expenses, nor could he recall McCormick or Moore having drawn any mileage expenses. He further stated that his meals usually cost $1.50, which could total no more than $6.00 per year. Thus, it is clear that membership on the board was of no pecuniary benefit to the members in that they received no salary, and the only funds they could receive would have been reimbursement for expenses. Furthermore, the plaintiffs' "property" could not be increased by board membership; they could only obtain a restoration of any of their "property" used or consumed as a result of board functions.
In Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701,33 L.Ed.2d 548 (1972), the United States Supreme Court stated:
 "The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits. . . .
". . . .
 "Certain attributes of `property' interests protected by procedural due process emerge from these decisions. To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined."
408 U.S. at 576-577, 92 S.Ct. at 2708-09. For constitutional protection to attach, there must be some property interest of the plaintiff. The claim involved here is not a claim upon which the plaintiffs "rely in their daily lives," as stated inRoth, supra. In light of the nature of membership on the county board of pensions and security, we find no property interest to which constitutional protection attaches.
We must also, therefore, reject plaintiffs' contention that they were denied due process by the commission's removing plaintiffs from the board without giving them prior notice. Plaintiffs correctly argue in brief that Alabama law recognizes a right to specified procedures and standards of due process in the removal of certain public office holders; however, membership on the county board of pensions and security does not fall within that limited category of public offices requiring constitutional protection. The commission was entitled to remove plaintiffs from the board in any manner it deemed proper. The record contains evidence from which the commission could have determined that plaintiffs were no longer qualified to serve as members of the board. Eligibility for public office is of a continuing nature and must exist at the commencement of the term and during the occupancy of the office; the fact that a board member may have been qualified at the time of his appointment is not sufficient to entitle him to hold the office if, during his term of service, he ceases to be qualified. 63 Am.Jur.2d Public Officers and Employees, § 42 (1972).
The trial court's summary judgment in favor of the defendants is hereby affirmed.
AFFIRMED.
MADDOX, JONES, and BEATTY, JJ., concur.
TORBERT, C.J., concurs in the result.
* Rule 56, dealing with summary judgment, is closely connected to Rule 12 (b)(6), providing for a motion to dismiss for failure to state a claim upon which relief can be granted. If, on such a motion to dismiss, matters outside the pleadings are presented to and not excluded by the court, the motion is to be considered as one for summary judgment, and the test of Rule 56 is applicable. Rule 56, ARCP, Committee Comments. *Page 1039