RICHARD L. JONES, Retired Justice.
The plaintiffs, Charles Zanda and Joseph W. Propst II, appeal from a summary judgment in favor of the defendant, the City of Decatur. We affirm.
On October 3,1988, the town council of the Town of Flint City, Alabama, appointed Charles Zanda to a four-year term as chief of police. On February 27, 1990, the town council appointed Joseph W. Propst II to a two-year term as the municipal judge for the Town of Flint City.
On November 22, 1991, after following the requisite statutory procedure (Ala.Code 1975, § 11-42-100.1 et seq., “Consolidation of Contiguous Municipalities”), the City of Decatur annexed the Town of Flint City. On that same date, the Town of Flint City, Alabama, ceased to exist. Zanda and Propst sued the City of Decatur when it refused to honor their “contracts” of employment with the Town of Flint City, which “contracts” the plaintiffs alleged had become obligations of the City of Decatur upon its consolidating with the Town of Flint City. The trial court entered a summary judgment for the City of Decatur; thus, this appeal.
The single issue is whether the appointments of Zanda and Propst to their respective offices with the Town of Flint City are “obligations” that must be honored by the City of Decatur as the entity that annexed the Town of Flint City. The plaintiffs correctly state that this is an issue of first impression; however, the statutes and authorities discussed below dispose of this issue, either explicitly or by implication and analogy.
In Title 11, Chapter 42, of the Alabama Code — “Alteration of Corporate Limits” — the legislature granted to municipalities the power of annexation and consolidation. Article 4 of that chapter, entitled “Consolidation of Contiguous Municipalities,” contains the procedure by which the consolidation of the Town of Flint City and the City of Decatur was accomplished. Following the requirements of § 11-42-100.1(b), the governing body of each municipality adopted, and a majority of the voters in the municipality to be annexed approved, the annexation of the Town of Flint City by the City of Decatur.
Once an annexation has been accomplished, § ll-42-106(a) requires:
“The consolidated city or town shall succeed to all the powers, obligations, duties, rights of action, property and rights of property that belonged to or appertained to the municipalities consolidated and shall have all the rights, powers and privileges delegated to municipalities under the applicable provisions of this title and shall be subject to all the duties, liabilities or obligations of such municipalities.”
(Emphasis added.)
The plaintiffs argue that the emphasized language of § ll-42-106(a) — “The consolidated [City of Decatur] ... shall be subject *428 to all the duties, liabilities or obligations of such municipalities” — and similar language in § 11-42-180[1] place on the City of Decatur an absolute and unconditional liability for the “obligation” of the now nonexistent Town of Flint City to its appointed officers Zanda and Propst.
The City of Decatur argues that the legislature did not intend that result and that an annexing city does not incur, as a debt or liability, the unearned salaries of the annexed city’s officers and employees. We agree.
Although this Court has not dealt "with this precise issue, the rationale of City of Birmingham v. Graffeo, 551 So.2d 357 (Ala.1989), is applicable here. In Graffeo, we began by observing that “[t]he legislature has the inherent power to prescribe, alter and change the form of municipal governments” and that “[a] municipality may exercise those powers that are explicitly granted to it by the legislature, as well as those powers that are necessarily implied from an express grant of power.” 551 So.2d at 360.
The City of Decatur does not dispute the fact that the plaintiffs were duly appointed by the town council of the Town of Flint City to the offices of police chief and municipal judge. However, when the City of Decatur and the Town of Flint City exercised the power “explicitly granted to [them] by the legislature” in § 11 — 42—100.1 and the City of Decatur annexed the Town of Flint City, the City of Decatur also exercised the “necessarily implied” power to abolish the municipal offices of the former Town of Flint City. Neither the Town of Flint City nor its municipal offices existed after November 22, 1991.
The plaintiffs would have this Court hold that by virtue of the town council resolutions appointing the plaintiffs to their respective offices, the plaintiffs became, in effect, “creditors” of the Town of Flint City. Quoting from 56 Am.Jur.2d Municipal Corporations § 96 (1971), the plaintiffs contend that their “contractual” rights, as “creditors,” were not destroyed when the City of Decatur annexed the Town of Flint City. Further, say the plaintiffs, relying on this same encyclopedic authority, because the legislature could not “impair the contractual obligations” of the Town of Flint City, it must provide for “the protection of the creditors” of Flint City.
We agree with the basic principle of law discussed at § 96 of 56 Am.Jur.2d Municipal Corporations. Indeed, the legislature has provided for the protection of the creditors of an annexed municipal corporation by enacting §§ 11-42-106 and -180. This principle and these Code sections, however, are inapplicable to the facts of this case, because neither of the plaintiffs is a “creditor” of the City of Decatur. When the Town of Flint City ceased to exist, neither Zanda nor Propst could claim that his rights to, or interests in, his municipal office were “obligations, duties, rights of action, property [or] rights of property” that the City of Decatur, upon annexation of the Town of Flint City, was obligated under § ll~42-106(a) to recognize or protect.
“This Court has continually held that ‘a public office which the legislature creates is not the property of the office holder within the constitutional provision against depriving a man of property, nor does it ever become a vested right as against the right of the state to remove him.’ Moore v. Watson, 429 So.2d 1036 (Ada.1983) (emphasis added). See also Simpson v. Van Ryzin, 289 Ala. 22, 265 So.2d 569 (1972); Heck v. Hall, 238 Ala. 274, 190 So. 280 (1939).”
Graffeo, supra, at 551 So.2d 364.
The trial court properly entered the City of Decatur’s summary judgment; therefore, that judgment is affirmed.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975, and it is hereby adopted as that of the Court.
AFFIRMED.
MADDOX, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.

. "§ 11-42-180. Payment, execution, etc., of debts, bonds, contracts for local improvements, etc., of absorbed communities.”