This is an appeal from a judgment of the trial court which set aside a mortgage foreclosure sale and restored the plaintiff's equity of redemption on the grounds that the land was offered for sale en masse rather than in parcels. The plaintiff-appellee, Mary Jane Gantt Pardue, is the mortgagor of the property concerned, and the appellants-defendants, Central Bank of Birmingham and John B. Ames, are respectively the mortgagee and the purchaser of the property at the foreclosure sale. We reverse and remand for reinstatement of the foreclosure sale.
Beginning in 1951, plaintiff J. Bruce Pardue, a Selma banker, and his wife, Mary Jane Gantt Pardue, purchased land in Dallas and Perry Counties near Selma, Alabama. The Pardues gradually added to the property until, by 1970, they owned 1,557 acres in six contiguous parcels. Bruce Pardue retired in 1969 after forty-one years as a banker, during which time he had been president of one bank and chairman of the board of another. He was very experienced in mortgage banking. He died on November 9, 1978, while this suit was pending, and Mary Jane Gantt Pardue was substituted as plaintiff.
In 1958, the Pardues built a house, barn, and corral on tract one of the property. They used the whole property for grass, hay, and cattle farming. In January, 1973, in order to consolidate $409,000 in loans from Central Bank, the Pardues executed a promissory note in the amount of $690,000, secured by a real estate mortgage on their farm property. The bank loaned Pardue an additional $281,000 to subdivide a section of tract two. Only limited work was done in development and, by 1977, only two subdivision lots had been sold.
The mortgage legally described the Pardue farm in six separate metes and bounds descriptions and contained the power of sale in the mortgagee, Central Bank, with discretion "to sell said property . . . in lots or parcels or en masse as mortgagee's agents, auctioneer or assigns deem best." When Pardue was unable to make payment within the prescribed period, the bank extended the loan for two years. Pardue paid the interest until December, 1976, when the Pardues filed a bill in the Jefferson County Circuit Court to delay foreclosure.
The Jefferson County Circuit Court through Judge William C. Barber gave them a 90-day moratorium on foreclosure. Pardue was unable to retire the note in 90 days. On April 12, 1977, Judge Barber entered a decree of foreclosure which "divested [plaintiffs] of all interests in and rights of possession in and to the properties described in said mortgage." The Pardues were ordered to vacate the property. They did not do so within the prescribed period.
The bank held a foreclosure sale on June 14, 1977, offering the property for sale en masse. Pardue did not attend or send a representative to the auction. Ames was the sole bidder at the auction, offering a bid of $675,000. Ames had been told by one of the bank's officers that such amount was the outstanding mortgage balance. The actual balance was $710,395. Plaintiff Pardue commenced this action on September 8, 1977, in the Dallas County Circuit Court. Plaintiff alleged ultimately that defendant Central Bank had breached a trust imposed on it as mortgagee to dispose of the plaintiff's property in fairness and good faith by failing to offer the property for sale in separate parcels as described in the mortgage, by intending to bid in the property at $600,000 and by entering into a collusive bid with defendant Ames to defraud the plaintiff of his property. *Page 930 
On April 10, 1978, Pardue also filed a bill for declaratory judgment seeking an interpretation of Judge Barber's decree of foreclosure, alleging that it specifically ordered that their right to redeem the land was not affected.
Defendant Central Bank filed an answer of general denial and alleged the defenses of estoppel, waiver, laches, and res judicata, and it affirmatively alleged the bank's right to exercise its discretion under the language of the power of sale. Defendant Ames filed an answer of general denial and filed a cross-claim against the bank for the purchase price and the cost of his improvements and repairs in the event that the foreclosure sale should be set aside.
During the litigation, Mary Jane Gantt Pardue entered into a purchase contract with Dr. and Mrs. Robert Lamb to sell 1,415 acres (less the house and 156 acres) to them for $1,103,700, conditioned on her ability to "convey free and clear title."
The action was tried in December, 1978, and thereafter, the trial court entered a final judgment setting aside the foreclosure sale and restored the plaintiff's equity of redemption. The court found that the various tracts had been devoted to separate and distinct uses, residential, subdivision development and timber and farming. It held that the sale should have been by parcel rather than en masse, that sale en masse had injured the plaintiff, and that defendant Central Bank had breached its duty of good faith to the plaintiff by inaccurately representing the mortgage balance to Ames, and by its intent to bid the property in at $600,000. The court held that the defenses of waiver, estoppel, laches, and res judicata were inapplicable and that the language of the power of sale "could not be relied on to nullify the mortgagor's duty."
On appeal, the bank contends that (1) the lower court's findings that the Pardue farm was devoted to separate and distinct uses and that there was a breach of good faith by the bank were erroneous; (2) a foreclosure sale should not be set aside unless the price is so inadequate as to "shock the conscience of the court"; (3) absent fraud or bad faith, a foreclosure sale will not be set aside simply because the property was sold en masse where susceptible to division, particularly where the mortgage grants the mortgagee the right to sell en masse; and (4) Pardue, by his acquiescence in the foreclosure sale, is estopped from denying its validity.
The dispositive issue in this case is whether a mortgagor, by a mortgage provision, may contractually waive his right to compel the mortgagee to offer the mortgaged property first by parcel rather than en masse as equity might dictate. Although this Court has considered the question of en masse versus by parcel foreclosure sales, the particular issue posed by this case has not heretofore been before the Court. It has been considered by the courts of other states.[1] We hold that the trial court erred in holding that the mortgage language could "not be relied on to nullify the mortgagee's duty as required by law as prescribed by the supreme court of this state" and that the foreclosure sale should be reinstated. In the absence of bad faith or fraud on the part of defendant Central Bank, Pardue as a sophisticated mortgagor was capable of waiving and did waive his right to demand a parcel by parcel foreclosure sale by giving Central Bank discretion over the issue.
It is the rule in Alabama that a mortgagee is responsible to the mortgagor for the fairness of the manner of the foreclosure sale. If the property concerned consists of separate parcels which are dedicated to separate and distinct uses, the parcels should be offered separately first in order to obtain the highest possible price for the property and to give the mortgagor a *Page 931 
chance to retain some of his property. Dozier v. Farrior,187 Ala. 181, 65 So. 364 (1914).
This rule applies if the property covered by the mortgage is separated into distinct parcels either by natural boundaries, by the way in which it is platted, or by the fact that the parcels are not contiguous. Kelly v. Carmichael, 217 Ala. 534,117 So. 67 (1928).
A foreclosure sale held under a power of sale may be set aside under this rule. Dozier v. Farrior, supra. A power of sale is more than a mere clause in a legal contract and equity regards a mortgagee holding a power of sale as a quasi trustee with a duty of fairness and good faith to the mortgagor in its execution. Bank of New Brockton v. Dunnavant, 204 Ala. 636,87 So. 105 (1920). To void the foreclosure sale, the mortgagor must show that the trust imposed on the mortgagee has been abused and that he has been injured by the sale. Rudisill v.Buckner, 244 Ala. 653, 656, 15 So.2d 333 (1943).
A mortgagee's equitable duty to offer first by parcels cannot be abrogated by a general provision of the power of sale giving the mortgagee discretion to hold a sale "when, as and where it shall seem best to them." Bank of New Brockton v. Dunnavant, supra, 204 Ala. at 639, 87 So. at 106. However, if, as is the case here, a specific mode of discretion has been prescribed, and the parties to the mortgage are equal in sophistication and bargaining power, then a mortgagee's action taken pursuant to the discretion should be permitted to stand. In such circumstances, allowing discretion to the mortgagee would not be to "nullify a duty enjoined by law as essential to the ends of justice." Id.
Pardue was a sophisticated banker and he conferred discretion over this matter to Central Bank in arm's-length bargaining. The rule as to parcel by parcel foreclosure sales is intended to secure the property rights of individuals. In the absence of bad faith, fraud, or other abuse of its discretion by the mortgagee, there is no public policy which would be defeated by permitting sophisticated parties to waive this rule. We find no indication of fraud or bad faith by Central Bank.
The bank's intent to bid in the property at a figure lower than the full mortgage price does not constitute bad faith. By this action, the bank could have been establishing a floor on what it considered a fair price range, to protect itself and the mortgagor. We cannot say that this must be construed as bad faith.
The bank's action in misquoting the mortgage balance does not per se constitute fraud. To establish a cause of action in tort for fraud, the plaintiff must prove that the defendant knowingly made a false representation of a material, existing fact on which the plaintiff relied to his detriment. Roberts v.Carroll, 377 So.2d 944 (Ala. 1979). Under Code of Ala., §6-5-101, the misrepresentation may be "by mistake and innocently" but it must be acted on by the opposite party to his detriment. Bynum v. Rucker, 235 Ala. 353, 179 So. 241
(1938).
It is fundamental that the representee who relied on the defendant's misstatement and the plaintiff who was injured must be one and the same. The representee must have relied on and have been deceived and damaged by the statement. Ansley v. Bankof Piedmont, 113 Ala. 467, 21 So. 59 (1896). Recovery cannot be had unless plaintiff relied on the fraudulent representations of defendant. Jordan v. Pickett, 78 Ala. 331 (1884). In this case, the representee, Ames, relied on the bank's statement but has not been injured as a result, and plaintiff Pardue did not rely on the misrepresentation. Plaintiff has failed to prove fraud by the bank which would support an action for misrepresentation and defeat the legitimacy of the foreclosure sale.
It is significant that neither did Pardue at any time prior to the sale request that the bank sell the land by parcel, nor did he request, in his complaint to delay foreclosure, that in the eventuality that he was *Page 932 
unable to retire the loan the bank be required to sell the land in parcels. Pardue neither attended the foreclosure sale nor sent a representative to object to the sale en masse, although he knew of the time of the sale and of the bank's discretion in the manner of sale.
In the absence of a mortgage provision granting discretion to the mortgagee as to the manner of sale, the mortgagor is not required to request, prior to the sale, that the property be sold lot by lot. J.H. Morris, Inc. v. Indian Hills, Inc.,282 Ala. 443, 212 So.2d 831 (1968). However, if the mortgagor has bargained away his rights, all that is left to him is a right to request that the land be sold parcel by parcel. If the mortgagor has requested that the mortgagee sell the land parcel by parcel, the mortgagee should, in a reasonable exercise of discretion, carefully weigh the alternative of offering the land first in parcels. Equally, Pardue's waiver in the mortgage is substantiated by his failure to object at the foreclosure sale. Were there no mortgage provision giving discretion to the bank, this failure to object would act as an estoppel to Pardue to object to the manner of sale. In the absence of a request or objection, full discretion remained in the mortgagee.
The judgment appealed from is reversed and the cause is remanded to the trial court with instructions to reinstate the foreclosure sale.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] McHugh v. Church, 583 P.2d 210 (Alaska 1978); Brown v.British American Mortgage Co., 86 Miss. 388, 38 So. 312 (1905);Baker v. Connecticut General Life Insurance Co., 196 Miss. 701,18 So.2d 438 (1944); Bellah v. First National Bank of Hereford,474 S.W.2d 785 (Tex. 1971); Pacific State Savings and Loan Co.v. O'Neill, 7 Cal.2d 596, 61 P.2d 1160 (1936); Humboldt SavingsBank v. McCleverty, 161 Cal. 285, 119 P. 82 (1911).