This is a companion case to Garris v. A M ForestConsultants, Inc., 534 So.2d 577 (Ala. 1988). The principal issue in this case is whether the defendant properly executed a foreclosure sale of the plaintiffs' property, specifically whether the property sold at foreclosure should have been offered in parcels rather than en masse.
On March 15, 1977, Edward D. Garris, Sr., and his wife, Joyce F. Garris, and Samuel B. Garris, Sr., and his wife, Carolyn M. Garris, executed to the defendant, Federal Land Bank of Jackson ("the Bank"), a mortgage covering approximately 458 acres described as several separately owned parcels of property. All four Garrises had signed a single promissory note that was being secured by this mortgage.
The land covered by the mortgage included a parcel of land known as the "river property" (approximately 365 acres along the Tombigbee River), owned by Samuel and Carolyn Garris and other parcels of land, totaling approximately 93 acres, owned by Edward and Joyce Garris. Edward and Joyce had no ownership interest in the property owned by Samuel and Carolyn, and vice-versa.
The Garrises defaulted on their mortgage and the Bank began foreclosure proceedings. The Bank held a foreclosure sale on the property and sold it en masse. The Bank was the highest bidder and purchased the property for $362,425.32. The Bank then sold the river property to A M Forest Consultants, Inc., which then sold a 3/4 interest in that property to Nelson B. Moseley, James F. Butts, and Joseph C. McCorquodale III. After giving written notice of his intention to do so, Samuel B. Garris, Jr., the son of Samuel B. Garris, Sr., and Carolyn Garris, redeemed the river property on February 24, 1986, and on March 15, 1986, he reconveyed the river property to A M Forest Consultants, Moseley, Butts and McCorquodale.
On August 29, 1986, Edward D. Garris, Sr., Carolyn M. Garris, and their son, Edward D. Garris, Jr. ("the plaintiffs"), filed a complaint seeking to set aside both the partial redemption of the river property made by Samuel B. Garris, Jr., and the Bank's foreclosure sale of the property. The trial court found that Samuel B. Garris, Jr., had given notice of his intent to redeem only the river property and entered summary judgment for the defendants who had purchased the river property from Samuel B. Garris, Jr. (See Garris v. A M Forest Consultants, Inc.)
Count two of the plaintiffs' complaint, wherein the plaintiffs alleged that at the foreclosure sale the Bank had greatly exaggerated the amount due on the mortgage, remained pending. The plaintiffs alleged that as late as 60 days prior to the foreclosure, the total amount due on the mortgage was $271,684.35, and, thus, that the Bank's foreclosure bid of $362,425.32 exceeded the amount due on the mortgage by approximately $90,000. The plaintiffs asked the court to order the Bank to make an accounting and to either void the foreclosure sale or alter the purchase price at foreclosure to reflect the correct amount due on the mortgage at the time of the foreclosure.
The Bank, after discovering an error in computing the bankruptcy attorney fees, paid the difference of $3,710.56 to the junior *Page 793 
lienholder, the Farmers Home Administration, and then moved for a summary judgment. On December 14, 1988, the trial court entered a summary judgment for the Bank. After the plaintiffs moved to alter, amend, or vacate the summary judgment, the trial court set aside the summary judgment for 30 days to allow for additional evidence to be submitted and to hold another hearing. The trial court then took the Bank's motion for summary judgment under submission again.
While the trial court had the Bank's summary judgment motion under submission, the plaintiffs filed an amended complaint in which they further alleged that upon foreclosure the Bank had improperly offered the property en masse rather than by separate parcels, and that as a result the Bank had not generated the highest bid. The Bank filed a motion to dismiss or, in the alternative, to strike the plaintiffs' amended complaint. On July 2, 1990, the trial court dismissed with prejudice both the plaintiffs' original complaint and their amended complaint for failure to state a cause of action. The plaintiffs appealed.
Motions to dismiss should be granted sparingly, and dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Hill v. Kraft, Inc., 496 So.2d 768
(Ala. 1986). Additionally, matters outside the pleadings should not be considered in deciding whether to grant a motion to dismiss for failure to state a claim. Hales v. First Nat'l Bankof Mobile, 380 So.2d 797 (Ala. 1980).
In this case, however, because the Bank's motion for summary judgment had been considered by the trial court and was under submission at the time the trial court granted the Bank's motion to dismiss, we will treat the trial court's dismissal as a summary judgment. Rule 12(b), Ala.R.Civ.P.[1]
We conclude that the trial court properly dismissed the plaintiffs' original complaint and we agree with its determination that the Bank's accounting of the amount due on the mortgage at the time of foreclosure was correct. Although the plaintiffs alleged that the Bank provided them with a statement of the balance due on the mortgage prior to foreclosure showing that they owed $271,684.35, this balance reflected only unmatured principal. In addition to the mortgage debt, payment of interest and other lawful charges may be necessary to redeem property. Garvich v. Associates FinancialServices Co. of Alabama, Inc., 435 So.2d 30 (Ala. 1983). Thus, after adding the plaintiffs' insurance premiums, accrued interest, late fees, and attorney fees to the principal, the total balance due at foreclosure was $362,425.32, as the Bank maintained. Accordingly, we affirm the trial court's dismissal of the plaintiffs' original complaint, which under Rule 12(b)(6) constituted a summary judgment for the Federal Land Bank.
The plaintiffs' amended complaint alleges that upon foreclosure, the Bank improperly offered the property en masse rather than by separate parcel.
This Court recognizes the rule stated in George v. FederalLand Bank of Jackson, 501 So.2d 432 (Ala. 1986):
 " 'It is the rule in Alabama that a mortgagee is responsible to the mortgagor for the fairness of the manner of the foreclosure sale. If the property concerned consists of separate parcels which are dedicated to separate and distinct uses, the parcels should be offered separately first in order to obtain the highest possible price for the property and to *Page 794 
give the mortgagor a chance to retain some of his property. Dozier v. Farrior, 187 Ala. 181, 65 So. 364 (1914).
 " 'This rule applies if the property covered by the mortgage is separated into distinct parcels either by natural boundaries, by the way in which it is platted, or by the fact that the parcels are not contiguous. Kelly v. Carmichael, 217 Ala. 534, 117 So. 67 (1928).
 " 'A foreclosure sale held under a power of sale may be set aside under this rule. Dozier v. Farrior, supra. A power of sale is more than a mere clause in a legal contract and equity regards a mortgagee holding a power of sale as a quasi trustee with a duty of good faith to the mortgagor in its execution. Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105 (1920). To void the foreclosure sale, the mortgagor must show that the trust imposed on the mortgagee has been abused and that he has been injured by the sale. Rudisill v. Buckner, 244 Ala. 653, 656, 15 So.2d 333 (1943).
 " 'A mortgagee's equitable duty to offer first by parcels cannot be abrogated by a general provision of the power of sale giving the mortgagee discretion to hold a sale "when, as and where it shall seem best to them." Bank of New Brockton v. Dunnavant, supra, 204 Ala. at 639, 87 So. at 106.' "
501 So.2d at 436, quoting Ames v. Pardue, 389 So.2d 927, 930-31
(Ala. 1980). (Emphasis added in George.)
After reviewing the law regarding the duty of the mortgagee to offer mortgaged property for sale by separate parcels rather than en masse, we hold that the trial court erred in dismissing the plaintiffs' amended complaint, which alleged that the Bank should have offered the property by separate parcels.
When property subject to a mortgage consists of distinct tracts, the mortgagee, as a quasi trustee, has a duty first to offer the property for sale as parcels rather than en masse. The reason for this rule is as follows:
 " '[A] sale in parcels or lots opens a field to a greater number of bidders, is conducive to a better price, tends to prevent odious speculation upon the distress of the debtor, and enables him to redeem some of the property without being compelled to redeem it all.'
 " 'J.H. Morris, Inc. v. Indian Hills, Inc., 282 Ala. 443, 455, 212 So.2d 831, 843 (1968). See also Ames v. Pardue, 389 So.2d 927 (Ala. 1980). . . .' "
George v. Federal Land Bank, 501 So.2d at 437.
In this case, the Bank failed to offer the property subject to the mortgage in parcels. By law, it had a duty to do so. Normally, we would instruct the Bank to hold another foreclosure sale and to offer the property by separate parcels. However, to do so here would not do justice, for after the Bank purchased the property en masse at the foreclosure sale, the Bank sold each parcel to a bona fide purchaser: the river property to A M Forest Consultants, Inc., on November 12, 1985, and the farm property to Mr. and Mrs. J.P. McKey on September 29, 1986.
To void a foreclosure sale, the mortgagor must show that the trust imposed on the mortgagee has been abused and that he has been injured by the sale. Ames v. Pardue, 389 So.2d at 931. Under the particular circumstances in this case, because there are bona fide purchasers of the property subject to the foreclosure, because significant time has elapsed since the foreclosure sale, and because the plaintiffs have already received an adjudication concerning the sale and redemption of the river property (see Garris v. A M Forest Consultants,Inc.), we hold that the foreclosure sale should not be voided.
However, when a court takes jurisdiction for one purpose, it will extend that jurisdiction so as to do complete justice and will mold its judgment to adjust the equities of the parties and to meet the necessities of each situation. Ex parteHandley, 460 So.2d 167 (Ala. 1984); First Alabama Bank ofMontgomery, N.A. v. Martin, 425 So.2d 415 (Ala. 1982), cert. denied, 461 U.S. 938, 103 S.Ct. 2109, 77 L.Ed.2d 313 (1983). *Page 795 
In their original complaint, the plaintiffs challenged the amount bid by the Bank at foreclosure, and in their amended complaint filed four years later, challenged the sale en masse. Traditionally, in "ordinary cases," the period within which a mortgagor could elect to disaffirm a sale of lands under a mortgage was two years. This period was fixed by analogy to the period allowed for statutory redemption, and after this period, in the absence of special circumstances, the court presumed that during that two-year period the mortgagor had elected to ratify the sale. Cloud v. Gamble, 264 Ala. 270, 86 So.2d 836
(1956); Hawk v. Moore, 260 Ala. 228, 69 So.2d 419 (1954);Dozier v. Farrior, 187 Ala. 181, 65 So. 364 (1914); Alexanderv. Hill, 88 Ala. 487, 7 So. 238, 16 Am.St.Rep. 55 (1890). In 1969, the Alabama Legislature adopted Ala. Code 1975, § 6-5-230,[2]
which limited the time to redeem to one year from the date of confirmation of the foreclosure sale.
In this case, the Bank held a foreclosure sale on August 30, 1985, and the plaintiffs complied with the statute by filing their lawsuit on August 29, 1986, less than one year after the sale. The plaintiffs' amended complaint challenging the sale en masse relates back to the date of the original complaint. Rule 15(c), Ala.R.Civ.P. We recently reiterated that where the amendment adds an additional theory and that theory is based on the same facts (as is the situation in this case), no prejudice is worked on the other party by allowing the amendment. E SFacilities v. Precision Chipper Corp., 565 So.2d 54 (Ala. 1990); see Money v. Willings Detroit Diesel, Inc., 551 So.2d 926
(Ala. 1989); and McCollough v. Warfield, 523 So.2d 374
(Ala. 1988).
Here, the trial court dismissed the plaintiffs' original and amended complaints with prejudice. In reviewing such a dismissal, this Court must view the allegations of the complaint most strongly in favor of the plaintiffs, to determine whether any set of facts could be proven in support of the claim that would entitle the plaintiffs to the relief requested. Parker v. Miller Brewing Co., 560 So.2d 1030, 1037
(Ala. 1990) (Kennedy, J., dissenting); Jones v. Lee CountyComm'n, 394 So.2d 928 (Ala. 1981); Phillips v. Opp MicolasCotton Mills, Inc., 445 So.2d 927 (Ala.Civ.App. 1984). Viewing the facts most favorably for the plaintiffs, we hold that there is a set of facts that could be proven to show that the Bank's sale en masse injured the plaintiffs, and thus we reverse the trial court's dismissal of the plaintiffs' complaint as amended and remand the cause to the trial court for further proceedings consistent with this opinion. By reversing and remanding the case, we do not suggest that the trial court may not, after a hearing, determine that the plaintiffs have failed to prove that they are entitled to relief. In determining whether plaintiffs are entitled to relief, the court can apply equitable principles.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] The Alabama Rules of Civil Procedure were adopted to "effect an integrated procedural system" and "shall be construed to secure the just, speedy and inexpensive determination of every action." Rule 1, (b) and (c), Ala.R.Civ.P.
 If matters outside the pleadings are considered by the trial court in regard to a motion to dismiss, then the motion shall be treated as one for summary judgment and shall be disposed of as provided in Rule 56. Rule 12(c), Ala.R.Civ.P. Under the scintilla rule, applicable to suits filed on or before June 11, 1987, if a scintilla of evidence exists to support the position taken by the party against whom the motion for summary judgment is made, summary judgment must be denied. Morris v. Birmingham Southern R.R., 545 So.2d 34
(Ala. 1989).
[2] By Act 88-441, approved on May 3, 1988, the Legislature repealed § 6-5-230. That Act, by § 11, "applies only to mortgages foreclosed after the effective date." The effective date of that Act was January 1, 1989. Thus, for purposes of this case, § 6-5-230 is controlling.
 ON APPLICATION FOR REHEARING