SAM A. BEATTY, Retired Justice.
The plaintiffs, William Albert Dixon and Myra Jean Dixon, appeal from a summary judgment entered in favor of the defendant Farm Credit Bank of Texas.[1] The trial court made that summary judgment final pursuant to Rule 54(b), Ala. R. Civ. P., and in compliance with this court’s directive in Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App.1996). Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. We affirm.
The Dixons owned approximately 295 acres of land near Browns, Alabama. They lived on the land and used it for farming. The Dixons experienced financial difficulties in the early 1980’s and ultimately filed a bankruptcy petition pursuant to 11 U.S.C. § 1201 et seq. They were involved in bankruptcy proceedings for approximately five years before their case was dismissed as a result of a default in their reorganization plan. Ultimately, the Federal Land Bank, now known as the Farm Credit Bank of Texas (“the Bank”), foreclosed on the property. John W. Kelly III, a lawyer in Selma, conducted the foreclosure sale, at which he offered for sale one parcel of property representing all the land owned by the Dixons. David Pearce purchased the property at the foreclosure sale. Mr. Dixon attended the sale, but he did not participate, nor did he object to the manner in which Kelly conducted the sale.
After the foreclosure, the Dixons filed a complaint alleging that the Bank had improperly conducted the foreclosure sale by not first offering the property in parcels. They also alleged that Pearce had constructed unlawful improvements so as to prevent them from redeeming the property, but those allegations were dismissed. The Dixons appealed the dismissal of their complaint as to Pearce; our supreme court affirmed the dismissal. Dixon v. Pearce, 646 So. 2d 564 (Ala.1994). (Pearce is still involved in this case only because he is considered a necessary party.) The Bank later filed a third-party complaint against Kelly. Other counterclaims and cross-claims have been filed in this case; however, we need not discuss those claims in order to address the questions raised on appeal by the Dixons.
In entering the summary judgment for the Bank, the trial court held that the Dixons were not damaged by the property’s being offered in one parcel, because, it found, the foreclosure sale price was fair and reasonable and because the Dixons could not demonstrate to the court any particular manner in which the property should have been divided into parcels. The court also held that the Dixons were estopped from complaining about the foreclosure sale by their failure to object at the sale.
The Dixons contend that when property in foreclosure is capable of division, one conducting a foreclosure sale has a duty to divide the property into parcels and to offer the parcels for sale before offering the property in its entirety. They also contend that Mr. Dixon’s failure to object at the foreclosure sale was not a waiver of their present complaints about the manner in which the sale was conducted.
Our standard for reviewing a summary judgment is well settled. The summary judgment was proper if there was no genuine issue of material fact and the Bank was entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P. The Bank had the burden to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala.1993). If the Bank made that showing, then the burden shifted to the Dixons to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against them. Id. In deciding whether there was a genuine issue of material fact, we view the evidence in the light most favorable to the nonmovant and *137 resolve all reasonable doubts against the movant. Id. The applicable standard of review is the “substantial evidence” rule. § 12-21-12, Ala.Code 1975. “Substantial evidence” is defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The Dixons argue that their property was divided by paved roads into three separate parcels. The majority of the property, approximately 220 acres, lies between Alabama Highway 5 and Dallas County Road 21. Approximately 70 acres is located across County Road 21, and approximately 5 acres is located across Highway 5. The farmhouse, a barn, a workshop, and other outbuildings are located on the 70 acres. When the property was conveyed to the Dixons, the house and five adjoining acres were conveyed separately so that the grantors could defer income tax on the gain from the sale of their residence. When the Dixons mortgaged the property, however, they mortgaged all 295 acres as one parcel. A map of the propei’ty shows that it is one contiguous rectangular area and that none of the land is separated by anything other than the roads traversing it. The buildings and their adjoining acreage are not separated from the remainder of the property by any natural boundaries.
The Dixons argue that Alabama law imposes upon one holding a mortgage with a power of sale a duty to divide property into parcels where it is capable of division, so that the owner of the property may have a chance to redeem or retain a portion of the property. They cite Ames v. Pardue, 389 So.2d 927, 930-31 (Ala.1980) (“the parcels should be offered separately first in order to obtain the highest possible price for the property and to give the mortgagor a chance to retain some of his property”); Lee v. Macon County Bank, 233 Ala. 522, 172 So. 662 (1937), and Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105 (1920). The Dixons argue that their property was capable of division by using the roads traversing the property, and that the three resulting parcels should have been offered for sale first. Alternatively, they argue that a separate parcel should have been offered first, that parcel consisting of 5 or 10 acres containing their home and the outbuildings.
The Bank contends that the foreclosure sale was properly conducted and that the trial court properly entered the summary judgment. We agree.
The trial court noted that, according to Ames, before the Dixons can have the foreclosure sale voided, they must show that the trust imposed on the mortgagee has been abused and that they have'been injured by the sale. The Bank points out that Alabama follows the general rule that “the mortgagee, or those standing in his right, ordinarily, may sell the property as described in the mortgage.” Kelly v. Carmichael, 217 Ala. 534, 538, 117 So. 67, 71 (1928). As the trial court found, the subject property “was mortgaged as a single tract described by metes and bounds and title was so held by the Plaintiffs individually and as husband and wife.” Our supreme court has found exceptions to the general rule, but those cases applying exceptions involve platted subdivisions expressly recognized in the mortgage, separate and distinct lots or parcels, or a suggestion of fraudulent or abusive conduct on the part of the mortgagee against one who owned a small portion of a much larger piece of property. See, e.g., Garris v. Federal Land Bank of Jackson, 584 So.2d 791 (Ala.1991); George v. Federal Land Bank of Jackson, 501 So.2d 432 (Ala.1986); Conway v. Andrews, 286 Ala. 28, 236 So.2d 687 (1970); Kelly, 217 Ala. at 538, 117 So. at 71.
Furthermore, as the trial court stated in its well-reasoned and thorough opinion, the Dixons offered only speculation as to how the property should have been divided into parcels for sale; it wrote:
“Even Dixon cannot decide or demonstrate to this Court any particular manner in which the property clearly should have been divided for sale.... [Cjounsel for Dixon posited a number of different ways for conceivably dividing the property, into two parcels, or three parcels, or separating the house and barns with 70 acres, or 10 acres, or 5 acres. The common thread in *138 these alternative proposals, and Dixon’s contention, is that any one of them would have made it easier to redeem part of the property and that the mortgagee, therefore, had a duty to pursue one of these numerous alternatives. This Court does not believe that these facts obligate a mortgagee of a single farm tract, described and owned as a single tract, to speculate on how the single tract might be divided into various parcels for sale.
[[Image here]]
“Alabama law requires a mortgagee to offer land for sale in parcels only where it is in fact already in parcels. This Court finds no case which suggests that a mortgagee should, under these facts, be required to survey and subdivide land described in a mortgage as a single tract into multiple parcels for foreclosure.
“The limits of the rule requiring sale by parcels have been stated by the Alabama Supreme Court:
“ ‘We direct attention to the limits of the rule which we now have under consideration. The lands must be in “separate parcels, distinctly marked for separate and distinct enjoyment,” and such parcels, when so sold en masse, must bring at the sale an inadequate price. Mahone v. Williams, 39 Ala. 202 [1863].’
“Dozier v. Farrior, 187 Ala. 181, 185, 65 So. 364, 366 (1914) (emphasis in Dozier).
“This same statement of the rule, citing to Dozier, is expressed in the most recent eases on the subject. See Garris v. Federal Land Bank of Jackson, 584 So.2d 791, 793-94 (Ala.1991); Ames v. Pardue, 389 So.2d 927 (Ala.1980).
“The Court has further elaborated that this rule applies if the property covered by the mortgage is separated into distinct parcels either by natural boundaries, by the way in which it is platted, or by the fact that the parcels are not contiguous. Garris, 584 So.2d at 794; George v. Federal Land Bank of Jackson, 501 So.2d 432 (Ala.1986); Ames, 389 So.2d at 931; Kelly, 117 So. at 71.
“The [subject property] is not separated into distinct parcels, and the entire place is and has been a farm. The evidence shows that the 70 acres south of the county road (the farm ‘headquarters’) has never been conveyed, described or identified as a separate parcel, and has had no separate and distinct use from the remainder of the farm. Dixon testified that there are no natural boundaries such as streams. The property has never been platted, and is all contiguous.
[[Image here]]
“... There is no material issue of fact regarding the nature or use of this property or how it was mortgaged. Dixon has offered no evidence in support of his allegations that [the Bank] breached its duty of good faith in the exercise of the power of sale. Summary judgment is due to be entered on the basis that the sale properly offered the property as a single tract as described in the mortgage.”
We conclude that the Bank had no duty to offer the property for sale in parcels in this case. Furthermore, the evidence was uncon-troverted that the price received for the property at the foreclosure sale was fair and reasonable and was consistent with Mr. Dixon’s own evaluation of his property. The Dixons have not shown that the trust imposed upon the Bank as mortgagee was abused or that they were injured by the sale.
The Dixons also argue that they should not be estopped from now objecting to the foreclosure sale by their failure to make timely objections. The trial court found that Mr. Dixon had known that the property was advertised only as a single tract, that he did nothing to make his presence at the sale known, and that he did not object to the notice or the manner of the sale. Furthermore, the evidence clearly indicated that Dixon obtained legal advice from his own attorney both before and after the foreclosure sale, and that he contacted Kelly by telephone on numerous occasions after the sale. The trial court stated:
“Dixon’s testimony and uncontested telephone records in evidence establish that he discussed the legal implications of the parcel issue with his attorney immediately after the foreclosure. Dixon held his silence and allowed Kelly to disburse the *139 foreclosure funds. Dixon accepted the benefits of the sale, the payment of the sale proceeds in satisfaction of his debts to other creditors_ Dixon had ample opportunity to object at the foreclosure sale and again on several occasions before disbursement was made_
[[Image here]]
“In Ames v. Pardue, the mortgagee had sold en masse six separate tracts totalling 1,557 acres.... In addition to holding that the mortgagor had waived the requirement for offering in parcels, the court held that the mortgagor, even if he had not waived the requirement, would be es-topped by his failure to object at the sale. Dixon, an experienced farm businessman, farm lobbyist, leader of farm organizations, and having experience in organizing, promoting and managing large-scale auction sales, is likewise estopped to void the foreclosure after everyone else involved has changed positions in reliance on the absence of any timely objection by Dixon.”
Based on the authority of Ames, 389 So.2d at 982, we conclude that the Dixons’ failure to object at the foreclosure sale estopped them from later objecting to the manner in which the sale was conducted.
Because no genuine issues of material fact exist in this ease and the Bank is entitled to a judgment as a matter of law, the summary judgment is due to be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.

. The Dixons’ notice of appeal also named as appellees David Pearce and John W. Kelly III. In fact, the summary judgment from which the Dixons appeal did not relate to Pearce or Kelly.